**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| WILLIAM T. BROOKS | : | CASE NO. 07-41941-MSH |
| DEBTOR | : | |

**MEMORANDUM OF DECISION REGARDING TRUSTEE'S MOTION FOR AUTHORIZATION AND APPROVAL OF PRIVATE SALE OF ESTATE PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND RELATED MOTIONS**

David Nickless, Chapter 7 Trustee of the estate of the Debtor in this case, William T. Brooks, filed a motion seeking an order pursuant to 11 U.S.C. § 363 authorizing and approving the private sale, free and clear of liens and encumbrances, of property of the estate located at 78 East Broadway, Gardner, Massachusetts (the "Property") to John Jalbert of Westminster, Massachusetts for a price of $43,000 (the "Sale Motion"). A notice of intended sale with a deadline of February 26, 2010 for objections and higher offers was served by the Trustee on the Debtor, all creditors and other parties in interest. No timely objections or higher offers to the proposed sale were filed. On March 1, 2010, the Debtor, appearing in this case *pro se*, filed an opposition to the Sale Motion in which the Debtor appeared to be asserting a homestead exemption in the Property. On March 17, 2010, the Debtor filed a motion in which he sought an evidentiary hearing on the fair market value of the Property (the "Valuation Motion"). Finally, in conjunction with his Sale Motion and in anticipation of such sale, the Trustee filed a motion seeking an order evicting the Debtor from the Property (the "Eviction Motion").

Despite the untimeliness of the Debtor's pleadings, I have treated the Sale Motion and the Eviction Motion as contested. A non-evidentiary hearing on these motions was held on April 1, 2010 and an evidentiary hearing on the valuation of the Property was held on April 27, 2010.

At the evidentiary hearing, the Trustee introduced evidence to support the Property's sale price as its current fair market value, including testimony of his real estate broker that the Property was extensively marketed through the real estate multiple listing service and that the only binding offer to purchase the Property was the offer of Mr. Jalbert at the $43,000 price.

The Debtor hoped to establish a higher value for the Property by attempting to admit into evidence an unsigned document entitled "Comparative Market Analysis." While undated, the footers at the bottom of each page seem to indicate it may have been printed from an email in April, 2005. The Comparative Market Analysis, while reaching no discernable conclusion as to the value of the Property, does include a page entitled "Net Proceeds of Sale" in which there appears to be a summary of what the Debtor would receive in net proceeds from hypothetical sales of the Property at prices of $120,000 and $145,000. Even if the Comparative Market Analysis were not inadmissible hearsay, a five year old document with no conclusory opinion of value serves no evidentiary purpose. Accordingly, I find that the price at which the Trustee proposes to sell the Property is fair and reasonable as it represents the Property's current market value.

Based on the foregoing as well as on the record of the non-evidentiary and evidentiary hearings on the Sale Motion, the Valuation Motion and the Eviction Motion, and the prior order of this Court, dated December 23, 2008, sustaining the Trustee's objection to the Debtor's

homestead exemption in the Property, I will enter an order allowing the Sale Motion.

However, I will not order the eviction of the Debtor from the Property but will treat the Eviction Motion as a motion for relief from stay and lift the automatic stay in effect under 11 U.S.C. § 362 to allow the Trustee to commence an eviction proceeding in state court.

    Separate Orders will issue.

Dated: May 18, 2010

_____

Melvin S. Hoffman

United States Bankruptcy Judge