UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:                                          )
                                                )
     WILLIAM T. BROOKS,                 )          Chapter 7
             DEBTOR.              )          Case No. 07-41941-MSH
     _____)


**ORDER ON DEBTOR'S MOTION TO VACATE ORDER ON HOMESTEAD**
**[# 365]**

     This matter is before me on the latest of a long list of motions filed by the debtor in an

effort to forestall his eviction from property sold by the trustee.  Presently before me are the

debtor's Motion to Vacate Order on Homestead [# 365] (the "Motion") and the trustee's

Opposition thereto [#368], and after due consideration of the Motion and the Opposition,  I

hereby find and rule as follows:

     1.  The caption of the Motion suggests that the Debtor is seeking to vacate the order of

December 23, 2008 [# 170] sustaining the Trustee's objection to the Debtor's claimed homestead

exemption.  The text of the Motion indicates that the Debtor is seeking to have the order of

March 13, 2009 [#182] vacated.  In that order, entered in response to the Debtor's Affidavit

Detailing the Trustee's Refusal to Accept Evidence, Refusal to Cooperate with the Debtor with

Regard to Joint Pretrial Memorandums [sic] and Cooperate with the Debtor in a Professional

Manner to Resolve Their Case [# 178], the Court treated the Affidavit as a motion for relief from

judgment pursuant to Fed. R. Bankr. P. 9024.  The Court denied relief from judgment, namely

the December 23, 2008 order sustaining the Trustee's homestead objection, and concluded that

the Debtor could not show inadvertence or excusable neglect as required by Fed. R. Civ. P.

60(b)(1), made applicable by Fed. R. Bankr. P. 9024, and that there was nothing in the Affidavit,

which, for the most part, simply rehashed points previously made without success, that

warranted relief from the December 23, 2008 order.

2. The Motion again seeks relief from the December 23, 2008 order as well as the March

13, 2009 order and appears to be a request for reconsideration or a new trial pursuant to either

Fed. R. Bankr. P. 9023 or Fed. R. Bankr. P. 9024.  The Motion, under either rule, again must fail.

3. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to

bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy

cases by Fed. R. Bankr. P. 9024.  "[T]he purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence.  A party may not submit

evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp.

v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations

omitted).  A motion for reconsideration is appropriate when there has been a significant change

in the law or facts since the submission of the issue to the court; it is not a vehicle for an

unsuccessful party to rehash the same facts and same arguments previously presented.  *Keyes v.

National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

4. A motion for a new trial is governed by Fed. R. Civ. P. 59, made applicable to

bankruptcy cases by Fed. R. Bankr. P. 9023.  Fed. R. Civ. P. 59(a)(1)(B) provides that grounds

for a new trial after a nonjury trial are "any reason for which a rehearing has heretofore been

granted in a suit in equity in federal court."  "A motion for a new trial in a nonjury case or a

petition for rehearing should be based upon manifest error of law or mistake of fact, and a

judgment should not be set aside except for substantial reasons."  C. Wright, A. Miller, and M.

Cane, 11 FEDERAL PRACTICE AND PROCEDURE, § 2804 (2d Ed.).  Motions brought under Fed. R.

Civ. P. 59 must be made within 28 days after the entry of judgment.[1]  Thus if the debtor is

seeking relief under this rule, his motion is untimely.

4.  More importantly, the Motion fails to allege any newly discovered evidence, any

manifest error of law, or any significant change in the law that would affect the prior outcome.

The Debtor's complaints about the trustee, arising in no small part from the trustee's efforts first

to sell and then evict the debtor from his home, are nothing new.  Although the debtor suggests

that he did not have the opportunity until recently to advance the grounds for the Motion as he

was initially denied access to audio recordings of hearings held by my predecessor, he has these

recordings yet he has not presented any facts to support relief.  Instead the Motion contains ad

hominem attacks on the judge and trustee and the solitary statement that the Debtor's further

review of the audio recordings will reveal a basis for the Motion.  This is insufficient to justify

relief from any of the orders entered in this case.

For the foregoing reasons, the Motion is hereby DENIED.

07/14/2010

Dated:  July 14, 2010                          _____

                                               Melvin S. Hoffman
                                               United States Bankruptcy Judge.

_____

[1]Under the prior version of the rule in effect when the orders at issue where entered, the
time to bring a motion under Fed. R. Civ. P. 59 was 10 days.